UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SOLORZANO (12),<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No.: 3:12-cr-0236-GPC<br>          3:16cv1455-GPC<br><br>**ORDER DENYING PETITIONER'S MOTION TO "REOPEN" PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Dkt. No. 2423.] |

**INTRODUCTION**

Presently before the Court is the *pro se* motion of Petitioner Julio Solorzano ("Petitioner") to "reopen" his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 2423.) Defendant United States of America filed an opposition and Petitioner filed a reply. (Dkt. Nos. 2436, 2440.) For the reasons set forth below, the Court DENIES Petitioner's motion to "reopen" his petition to vacate, set aside,

1

or correct sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in the Mexican Mafia in the North San Diego County area. (Dkt. No. 1.) A Second Superseding Indictment was returned on June 6, 2013 as to charges against Petitioner Solorzano. (Dkt. No. 1115.) Petitioner was tried by a jury on Count 1 of the Second Superseding Indictment for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, 18 U.S.C. § 1962(d); Count 3 for Violent Crime in Aid of Racketeering; and Count 20 for Discharge of a Firearm in Relation to a Crime of Violence. (Dkt. No. 1115.)

In October 2013, a jury returned a verdict and found Petitioner guilty of Counts 1 and 20 and not guilty of Count 3. (Dkt. No. 1437.) Petitioner subsequently entered into a written plea and sentencing agreement that also resolved pending state charges of assault with a semiautomatic firearm and robbery to be served concurrently with their federal sentence. (Dkt. No. 1554.) The agreement included a waiver of appeal and collateral attack. (*Id.* ¶ 8.)

On June 8, 2016, Petitioner proceeding with counsel, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C § 2255 on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Dkt. No. 1968.) After full briefing, a hearing and supplemental briefing, on May 17, 2017, the Court denied Petitioner's motion to vacate, set aside or correct their sentence. *United States v. Solorzano*, No. 12-CR-236, 2017 WL 2172211, at *1 (S.D. Cal. May 17, 2017).

On the same day, Petitioner, with counsel, appealed.  (Dkt. No. 2066.)  During the appeal, on July 3, 2019, the Ninth Circuit ordered the parties to file supplemental briefs addressing any issues remaining in the appeal after *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019).  In particular, the Ninth Circuit directed that the briefs should address: (a) whether the defendants waived their challenges to the 18 U.S.C. § 924(c) convictions as part of their plea agreements; and (b) whether those convictions are sustained by jury findings that the defendants were 'guilty of discharge of a firearm on or about August 20, 2011, in relation to a crime of violence, that is the violent crime in aid of racketeering,' despite their acquittals on the charges of violating 18 U.S.C. § 1959."  (Dkt. No. 2226.)

On August 7, 2019, both the United States and Petitioner filed a supplemental brief with the Ninth Circuit.  *United States v. Solorzano*, Case No. 17-55713, Dkt. Nos. 39, 40 (9th Cir.).  On September 24, 2019, the Ninth Circuit dismissed Petitioners' appeal because pursuant to the sentencing agreement with the government, Petitioner waived any right to appeal or collaterally attack his conviction and sentence.  *United States v. Solorzano*, 778 Fed. App'x 480, 481 (9th Cir. 2019).  The Ninth Circuit explained that Petitioner did not argue that the waivers were not knowing and voluntary or that there was a breach of the sentencing agreement.  *Id.*  Further, while Petitioner argued the waiver does not apply to an "illegal sentence", the Ninth Circuit found that he did not argue that his sentence was illegal but only that he was incorrectly convicted.  *Id.* at 482.  A petition for panel rehearing was denied on December 19, 2019.  (Dkt. No. 2264.)  On January 2, 2020, the formal mandate was filed.  (Dkt. No. 2265.)

On March 14, 2022, Petitioner filed the instant motion to "reopen" in light of "*U.S. v. Davis*) 588 U.S. -- (2019)" arguing that "RICO conspiracy is not a crime of violence."  (Dkt. No. 2423.)  On May 6, 2022, the United States responded that Petitioner "attempts

to relitigate before this Court what the Ninth Circuit specifically held was barred" by his post-trial sentencing agreement. (Dkt. No. 2436.) On May 27, 2022, Petitioner replied. (Dkt. No. 2440.)

# DISCUSSION

## A. Motion to Reopen

It appears Petitioner's motion to reopen is a motion under Federal Rule of Civil Procedure ("Rule") 60(b) which allows a party to seek relief from a final judgment if there is fraud, mistake, and newly discovered evidence. *See Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (describing Fed. R. Civ. P. 60(b) as a request to reopen a case). Rule 60(b) also allows a judgment to be reopened when the movant shows "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

A "Rule 60(b) [motion] is the appropriate rule to invoke when one wishes a court to reconsider claims it has already decided." *Hamilton v. Newland*, 374 F.3d 822 (9th Cir. 2004). "A motion that does not challenge the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably, is raising a claim that takes it outside the purview of Rule 60(b)." *United States v. Washington,* 653 F.3d 1057 (9th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005)). Therefore, a Rule 60 motion for relief from dismissal of a habeas petition must generally be treated as a successive habeas petition requiring gatekeeper permission before the district court has jurisdiction. *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998) (*en banc*).

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--. . . (2) *a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable*." 28 U.S.C. § 2255(h)(2) (emphasis added). "Before a second or

successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3).

Here, Petitioner seeks the Court to "reopen" its prior ruling on his § 2255 petition based on the Supreme Court's ruling in *Davis*, a case that post-dates the Court's order. Therefore, Petitioner must seek permission with the Ninth Circuit. *See Gonzalez v. United States*, 2022 WL 822927, at *1 (9th Cir. June 27, 2022) (unpublished) (granting petition to file a second or successive habeas petition based on new rule of constitutional law announced in *Davis*); *Torres v. United States*, 2022 WL 822119, at *1 (9th Cir. Mar. 17, 2022) (unpublished) (granting request to file a second or successive petition based on new rule of constitutional law announced in *Davis*).[1]  Accordingly, the Court DENIES Petitioner's motion to "reopen" his petition.

## CONCLUSION

Based on the reasoning above, the Court DENIES Petitioner's motion to "reopen" his petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated:  September 22, 2022

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] The Court notes that the parties briefed the application of *Davis* with the Ninth Circuit.  By requiring supplemental briefing, the Ninth Circuit, even though the decision does not mention *Davis*, implicitly considered the application of *Davis* but nonetheless held that Petitioner had waived his right to collaterally attack his conviction.  *See Solorzano*, 778 Fed. App'x at 482.