UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>JULIO SOLORZANO,<br><br>                            Defendant. | Case No.: 12-cr-00236-JO-12<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

On December 12, 2022, *pro se* Defendant Julio Solorzano filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 2463. For the following reasons, the Court DENIES Defendant's motion.

## I. BACKGROUND

On October 2, 2013, a jury convicted Defendant of participating in a RICO conspiracy and discharging a firearm during a crime of violence. Dkt. 1437. On October 23, 2013, Defendant entered into a written sentencing and plea agreement. Dkt. 1554. As part of this agreement, he waived his right to appeal and collaterally attack his

convictions. *Id.* ¶ 8. The Court sentenced him in accordance with this agreement on October 23, 2013. Dkt. 1559.

Despite waiving these rights, Defendant has continued to file challenges to his conviction in the decade following his sentencing. On June 8, 2016, Defendant filed a collateral attack of his firearm conviction under 28 U.S.C. § 2255. Dkt. 1968. On May 17, 2017, the Court denied Defendant's petition on the merits of his argument that Supreme Court precedent invalidated his conviction. Dkt. 2064. Afterwards, the Ninth Circuit dismissed Defendant's appeal, finding that his waiver was valid and thus that he had forfeited his right to appeal or collaterally attack his conviction. *See United States v. Solorzano*, 778 F. App'x 480 (9th Cir. 2019). On March 14, 2022, Defendant filed a motion to "reopen" his § 2255 petition, effectively bringing a sequential collateral attack under § 2255. Dkt. 2423. The Court denied this motion on September 22, 2022. Dkt. 2459.

Following this lengthy procedural history, Defendant filed the instant motion for compassionate release under 18 U.S.C. § 3582. Dkt. 2463. In his motion, Defendant again requests vacatur of his firearm conviction, arguing that intervening Supreme Court and Ninth Circuit cases invalidate this conviction. *Id.* at 5–7. Defendant also asserts that COVID-19 conditions pose a high risk for him, tantamount to a "possible death sentence," due to his race and underlying health issues. *Id.* at 7; Dkt. 2490 at 5. However, he does not specify either his race or these underlying medical conditions. In contrast, his prison medical records generally reflect good health. *See* Dkt. 2478. While it appears that Defendant contracted a streptococcus bacterial infection in January 2023, these records neither indicate ongoing health problems nor any underlying medical conditions that would make him especially vulnerable to COVID-19. *Id.* at 67.

## II. DISCUSSION

In determining whether to reduce Defendant's sentence, the Court must examine whether he has demonstrated "extraordinary and compelling reasons" warranting such a reduction. 18 U.S.C. § 3582(c)(1)(A).

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may order compassionate release by reducing a defendant's sentence if, after "considering the factors set forth in section 3553(a)," a defendant demonstrates "extraordinary and compelling reasons" warranting such a reduction. 18 U.S.C. § 3582(c)(1)(A). The 18 U.S.C. § 3553(a) factors include "the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities." *United States v. Jones*, 2023 WL 6932529, at *2 (S.D. Cal. Oct. 19, 2023) (summarizing the factors listed in 18 U.S.C. § 3553(a)). In evaluating whether a defendant has shown "extraordinary and compelling reasons" for sentence reduction, courts may, but are not required to, consider the factors outlined in the Sentencing Commission's policy statements, including the defendant's age, medical condition, or family circumstance. *See* U.S.S.G. § 1B1.13(b); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (establishing that these factors "may inform a district court's discretion" but "they are [in no way] binding" (internal citation omitted)).

Here, the Court finds that Defendant has failed to establish "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). First, Defendant has not specified the "underlying health conditions" that endanger his health if he were to contract COVID-19. Dkt. 2463 at 7. While Defendant states that his race places him at a higher risk of a fatal response to a COVID-19 infection, he neither informs the Court of his race nor explains how it heightens his vulnerability to COVID-19. *See* Dkt. 2490 at 5. Moreover, Defendant's medical records undermine Defendant's claims; they do not reflect any serious medical conditions that make him especially vulnerable to COVID-19. *See generally* Dkt. 2478. The Court acknowledges the hardships that Defendant and all other inmates have endured due to the COVID-19 pandemic. But Plaintiff does not demonstrate how this virus poses a particularized threat

3

to him warranting a sentence reduction.  *See Jones*, 2023 WL 6932529, at *2 ("Courts routinely recognize that even despite the threat from COVID-19, compassionate release is 'rare' and 'extraordinary;' [and] the current national emergency does not change this." (internal citation and quotation marks omitted)); *United States v. Samal*, 2023 WL 2579887, at *3–4 (W.D. Wash. Mar. 16, 2023) (same); *United States v. Williams,* 2023 WL 7287287, at *1 (S.D. Cal. Nov. 3, 2023) (same).  Accordingly, the Court DENIES Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that he has not established that he has a heightened risk of contracting severe medical problems while in custody.

      To the extent Plaintiff seeks to vacate his sentence in this motion, the Court denies this request.  *See* Dkt. 2463.  While Defendant presents his requests as a motion for compassionate release, significant portions of his brief reiterate his earlier arguments that Supreme Court and Ninth Circuit precedent renders his firearm conviction invalid.  *Compare* Dkt. 2463 *with* Dkts. 1968, 2423.  Any renewed attempt to raise these arguments would be barred as a successive petition to vacate a sentence because a "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so."  *United States v. Washington*, 653 F.3d 1057, 1066 (9th Cir. 2011) (internal citation and quotation marks omitted); *see* 28 U.S.C. § 2255(h) (establishing that a successive motion under § 2255 must be certified "by a panel of the appropriate court of appeals").

      For the above reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED**.

Dated:  April 24, 2024

_____
Honorable Jinsook Ohta
United States District Judge